Filed 4/2/21  P. v. Rubio CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090823 |
| v. | (Super. Ct. No. 98F2652) |
| FRANCISCO ERIC RUBIO, | |
| Defendant and Appellant. | |

Defendant Francisco Eric Rubio pleaded guilty to second degree murder in 1999. In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court denied defendant's petition, finding Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) unconstitutional and determining defendant was ineligible for relief based on the record of conviction.  Defendant appeals, arguing (1) Senate Bill 1437 is constitutional, and (2) he made a prima facie showing of eligibility for resentencing.  Although we agree Senate Bill 1437 is constitutional, the record otherwise establishes defendant is ineligible for resentencing, and we will affirm the trial court's order denying the petition.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 1999, defendant pleaded guilty to second degree murder (§ 187, subd. (a)) and admitted an allegation that he inflicted great bodily injury on the victim pursuant to section 1203.075. He also conditionally admitted two allegations under section 190.2, subdivision (a) -- lying in wait and torture -- and an allegation that he used a deadly weapon under section 12022, subdivision (b). The District Attorney agreed to dismiss the conditionally-admitted allegations if defendant testified against three codefendants who also participated in the murder. Defendant ultimately testified, along with one of his codefendants, against a third codefendant. (*People v. Rubio* (Oct. 29, 2004, C044644) [nonpub. opn.] at pp. 4-5 (*Rubio*).) After the trial, defendant moved to withdraw his pleas and admissions, arguing the testimony adduced from his codefendant at trial constituted new evidence that would have reduced defendant's liability. (*Ibid.*) The trial court denied the motion, and we affirmed the denial on appeal. (*Id.* at p. 10.)

In our opinion on the direct appeal, we explained the facts of the case. In short, defendant and the three codefendants lived at a campsite with the victim. (*Rubio*, *supra*, C044644, at pp. 1-2.) In the days before the murder, defendant and the codefendants discussed killing the victim. (*Ibid.*) On the day of the murder, the group beat and tortured the victim before striking her in the head and killing her. (*Id.* at pp. 2-3.) Defendant's involvement in the crime included making a noose that was used to hogtie the victim, disposing of the victim's body in a shallow grave a short distance away, stripping the victim's body, and starting a fire on top of the grave to burn the victim's belongings. (*Ibid.*) Defendant and the codefendants continued to live at the campsite for some time before they were apprehended. (*Ibid.*)

In the appeal, defendant argued he entered into the plea agreement because he thought the testifying codefendant would say defendant tied the victim's hands and feet together, but she only testified that defendant tied the victim's hands together. (*Rubio*, *supra*, C044644, at p. 5.) Defendant claimed he was entitled to withdraw his plea based

2

on new evidence.  (*Ibid.*)  This court rejected the claim, saying that such a minor discrepancy was not enough to justify withdrawing a plea (*id.* at p. 8) and that the discrepancy did not matter given the theory of liability for defendant's conviction.  This court added:  "Furthermore, there is no question of defendant's guilt (whether or not he helped tie or bind the victim's feet), since he admitted (and [codefendant] corroborated) that he made the noose that was placed around the victim's neck.  ' "All persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed." [Citations.]  Thus, a person who aids and abets a crime is guilty of that crime even if someone else committed some or all of the criminal acts.' (*People v. McCoy* (2001) 25 Cal.4th 1111, 1116-1117.)" (*Id.* at pp. 8-9.)

On January 31, 2019, defendant filed a pro se petition for resentencing, citing Senate Bill 1437 and section 1170.95, seeking resentencing on the murder conviction.  Defendant averred that (1) a complaint or information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he pleaded guilty because he believed he could have been convicted at trial under a theory of felony murder or murder under the natural and probable consequences doctrine, and (3) he could not now be convicted of murder because of the changes made to sections 188 and 189 because of Senate Bill 1437.  He asked the trial court to appoint counsel for him.

The trial court appointed counsel to represent defendant and ordered the District Attorney's office to file a response to the petition.  The District Attorney filed a motion to dismiss the petition, arguing, as relevant here, that (1) Senate Bill 1437 is unconstitutional because it amends Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)) and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)) without voter approval, and (2) defendant's conviction was based on a direct aiding and abetting theory, not a felony-murder theory, and defendant was

thus ineligible for relief under section 1170.95. The motion also attached the direct appeal opinion for the case, along with a copy of the probation report, which described the facts of the case as drawn from police reports.

Defendant filed a reply that attached a decision from the Los Angeles County Superior Court concluding Senate Bill 1437 is constitutional, and also attaching the same probation report the District Attorney's office had attached. Defendant argued the facts set forth in the probation report showed he was not the one who tied the victim's hands and feet together and that he was primarily involved in disposing of the victim's body, rather than beating the victim to death.

The trial court issued a written tentative ruling that Senate Bill 1437 unconstitutionally amended Proposition 7 and Proposition 115. The trial court also discussed defendant's eligibility for relief: "Even assuming that [Senate Bill] 1437 is constitutional, Petitioner does not qualify for relief. As amended, Cal. Pen. Code § 189(c) states that a participant in the perpetration of a felony listed in subdivision (a) in which a death occurs, is liable for murder if the 'person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested or assisted the actual killer in the commission of murder in the first degree[.]' Alternatively, one can be held liable for murder if that person was a 'major participant in the underlying felony and acted with reckless indifference to human life[.]' (Cal. Pen. Code [§] 189(e)(3).)

"Petitioner clearly aided and abetted the commission of the crime here. He was present during the discussion when the decision was made by all four participants to kill the victim. He was present at the scene of the killing. He was aware of the co-defendants' intent to kill the victim based both upon the prior conversation as well as their actions at the killing scene. With this awareness, he assisted in placing the noose around the victim's neck. After the lethal blow was inflicted, he physically participated in dragging the body, digging a shallow grave, burying the victim, and burning her

4

belongings over her grave.  [¶]  These actions also show that Petitioner was a major participant and that he acted with reckless indifference to human life.  [¶]  The court has reviewed the petition and other documents as noted above.  [¶]  Petitioner has not made a prima facie showing that he falls within the provisions of Cal. Pen. Code § 1170.95.  [¶]  The motion to dismiss is GRANTED.  The petition is DENIED."  After a short hearing, the trial court adopted the tentative ruling.

DISCUSSION

I

Defendant argues the trial court erred when it found Senate Bill 1437 unconstitutional based on its effects on Proposition 7 and Proposition 115.  The People agree with defendant on this point, and so do we.

As the parties note, many appellate courts have addressed this issue and concluded Senate Bill 1437 is not an invalid amendment of either Proposition 7 or 115 because the legislation did not add to or take away from any provision in either initiative.  (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300, 311-312; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 (*Cruz*); *People v. Solis* (2020) 46 Cal.App.5th 762, 769; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 251; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275 (*Gooden*).)  This court agreed with those courts in *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896 (*Ferraro*).

As this court explained in *Ferraro*, Senate Bill 1437 does not prohibit what Proposition 7 authorizes.  Proposition 7 increased the punishment for murder.  After passage of  Proposition 7, section 190 provided:  "Every person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in the state prison for a term of 25 years to life.  The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5.  [¶]  Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life."  (Prop. 7, § 2.)  Proposition 7's general

5

reference to murder did not freeze the definition of murder as it existed at the time of Proposition 7's passing. (*Ferraro, supra*, 51 Cal.App.5th at p. 913.)

Furthermore, "Proposition 7 applies to every person guilty of murder." (*Ferraro, supra*, 51 Cal.App.5th at p. 909.) "Senate Bill 1437 presents a classic example of legislation that addresses a subject related to, but distinct from, an area addressed by an initiative." (*Gooden, supra*, 42 Cal.App.5th at p. 282; accord *Ferraro, supra,* at p. 911; *Cruz, supra*, 46 Cal.App.5th at p. 756.) Unlike Proposition 7, Senate Bill 1437 does not change the *punishment* for murder, but rather, redefines the offense. (*Ferraro, supra,* at p. 911; see also *Cruz, supra,* at p. 754.) Senate Bill 1437 does not improperly commute or alter otherwise murder sentences imposed by Proposition 7. " 'The effect of a successful petition under section 1170.95 " ' "is to vacate the judgment . . . as if no judgment had ever been rendered." ' " [Citations.] Thus, the resentencing procedure established by section 1170.95 -- like the remainder of the statutory changes implemented by Senate Bill 1437 -- does not amend Proposition 7.' " (*Ferraro, supra*, at p. 914, quoting *Gooden,* at p. 286.)

Nor does Senate Bill 1437 amend Proposition 115 to prohibit what Proposition 115 authorizes. (*Ferraro, supra*, 51 Cal.App.5th at pp. 914-917.) As relevant to this proceeding, Proposition 115 amended section 189 to add kidnapping, train wrecking, and certain sex offenses to the list of predicate offenses giving rise to first degree felony-murder liability. (Prop. 115, § 9.) "Again, the Legislature has acted in an area related, but distinct from the one addressed in Proposition 115. Section 189 still provides that a participant in a felony specified in subdivision (a) is liable for murder for a death during the perpetration or attempted perpetration of the offense, but subdivision (e) adds the additional requirements that one of the following must also be true: '(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a

6

major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.' " (*Ferraro,* at p. 916.) "Nothing in Proposition 115 or its ballot materials indicate an intent to limit the ability of the Legislature to make the changes set forth in Senate Bill 1437." (*Id*. at pp. 916-917.)

We conclude Senate Bill 1437 did not illegally amend Proposition 115 or Proposition 7. (*Ferraro, supra*, 51 Cal.App.5th at p. 917.)

## II

Defendant further contends he made a prima facie showing of eligibility for resentencing under section 1170.95 and he is entitled to an evidentiary hearing on its merits. In particular, he points to the probation report, which said defendant "seemed to play the least role" between he and his codefendants, and further indicated that one of the codefendants tied the victim's hands and feet together. In defendant's view, this evidence established a prima facie case under section 1170.95 because it demonstrated he was not a major participant in the murder. We disagree.

Senate Bill 1437, which became effective on January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability; it also added section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2-4; *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, review granted Mar. 18, 2020, S260598 (*Lewis*).)

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls

within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

To make a prima facie showing, all three of the following conditions must apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, section 189 was amended to include new subdivision (e), which provides: "(e) A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

8

In *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 (*Verdugo*), the court of appeal held that the trial court, in evaluating a petition under section 1170.95, should determine from all readily ascertainable information "whether there is a prima facie showing the petitioner falls within the provisions of the statute." The court reasoned: "Although subdivision (c) does not define the process by which the court is to make this threshold determination, subdivisions (a) and (b) of section 1170.95 provide a clear indication of the Legislature's intent. . . . [S]ubdivision (b)(2) directs the court in considering the facial sufficiency of the petition to access readily ascertainable information. The same material that may be evaluated under subdivision (b)(2) -- that is, documents in the court file or otherwise part of the record of conviction that are readily ascertainable -- should similarly be available to the court in connection with the first prima facie determination required by subdivision (c)." (*Verdugo,* at p. 329.) The court further held that the superior court should examine not only "the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment" (*id.* at pp. 329-330), but also any "court of appeal opinion, whether or not published, [because it] is part of the [defendant's] record of conviction." (*Id.* at p. 333; see *Lewis, supra*, 43 Cal.App.5th at p. 1138, review granted.)

Defendant's petition included his own declaration asserting he was convicted under the natural and probable consequences doctrine or under a felony-murder theory and could not now be convicted of murder because of the changes Senate Bill 1437 made to sections 188 and 189. But the direct appeal opinion in this case, which is part of the record of conviction, concluded defendant's conviction was based on a direct aider and abettor theory. (*Rubio*, *supra*, C044644, at pp. 8-9.) A direct aider and abettor can still be convicted of murder, even after Senate Bill 1437's changes to sections 188 and 189, because Senate Bill 1437 did not change anything with respect to direct aider and abettor liability. (*Lewis, supra*, 43 Cal.App.5th at p. 1135, review granted ["One who directly

9

aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law."].) Defendant's declaration is thus contravened by the record of conviction and he does not qualify for relief.

Nevertheless, defendant argues without citation to authority that the direct appeal opinion was not part of the record of conviction because it arose out of a motion to withdraw a guilty plea, rather than a jury trial. Thus, he contends the court should have adopted the facts as provided in the probation report, which would have established a prima facie case he was eligible for relief. As explained above, however, the opinion deciding a defendant's direct appeal, as well as the factual basis for any plea, is part of the record of conviction. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 333, review granted.) And the direct appeal opinion previously considered and rejected the possibility that the facts defendant points to in the probation report -- that one of the codefendants tied the victim's hands and feet--would relieve him of liability under a direct aider and abettor theory. (*Rubio*, *supra*, C044644, at pp. 8-9.) We conclude the trial court did not err when it denied defendant's petition for resentencing.

DISPOSITION

The order denying the petition for resentencing under section 1170.95 is affirmed.

/S/
MAURO, J.

We concur:


/S/
ROBIE, Acting P. J.


/S/
KRAUSE, J.

10